FILED

2013 JUL 15  PM 3: 38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  David E. Bower (119546)
   **FARUQI & FARUQI, LLP**
2  10866 Wilshire Boulevard, Suite 1470
   Los Angeles, CA 90024
3  Telephone: (310) 461-1426
   Facsimile: (310) 461-1427
4  Email: dbower@faruqilaw.com

5  *Attorney for Plaintiff*

6              **UNITED STATES DISTRICT COURT**

                                              **FILED BY FAX**

7            **CENTRAL DISTRIT OF CALIFORNIA**

8

9  GLORIA BASARABA, Derivatively on       CV13-05061-DDP(SHx)
   Behalf    of    Nominal    Defendant
   SKECHERS U.S.A., INC.
10
            Plaintiff,
11
        v.                                **NOTICE OF APPLICATION TO**
12 ROBERT GREENBERG, MICHAEL              **FILE VERIFIED SHAREHOLDER**
   GREENBERG, JEFFREY                     **DERIVATIVE COMPLAINT**
13 GREENBERG, DAVID WEINBERG,             **UNDER SEAL; MEMORANDUM OF**
   JENNIFER WEIDERMAN, RICHARD            **POINTS AND AUTHORITIES AND**
14 SISKIND, GEYER KOSINSKI,               **DECLARATION OF DAVID E.**
   MORTON ERLICH, RICHARD A.              **BOWER IN SUPPORT THEREOF**
15 RAPPAPORT, and THOMAS WALSH,
16          Defendants,
17      -and-
18 SKECHERS U.S.A., INC.
19          Nominal Defendant.
20

21       **APPLICATION TO FILE COMPLAINT UNDER SEAL**

22 **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

23      PLEASE TAKE NOTICE that Plaintiff Gloria Basaraba ("Plaintiff"), by and
24
25 through her attorneys, derivatively on behalf of nominal defendant Skechers
26 U.S.A., Inc. ("Skechers" or the "Company"), does hereby apply to the Court
27                                    1
   NOTICE OF MOTION AND PLAINTIFF'S APPLICATION TO FILE VERIFIED SHAREHOLDER
28                DERIVATIVE COMPLAINT UNDER SEAL

pursuant to Rule 5.2(d) of the *Federal Rules of Civil Procedure* and Local Rule 79-5.1for an Order permitting the filing under seal of Plaintiff's Verified Shareholder Derivative Complaint ("Complaint") against the directors and officers named herein (collectively, the "Individual Defendants").  This Application is being made to comply with the parties' Confidentiality Agreement entered into and signed by counsel for the parties prior to the filing of this Complaint.

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities and the Declaration of David E. Bower in Support of this Application to file the Complaint under seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff respectfully requests this Court seal Gloria Basaraba's ("Plaintiff") Verified Shareholder Derivative Complaint ("Complaint") to be filed concurrently with this Notice of and Application.  For the reasons more fully described below, Plaintiff respectfully requests the Court grant Plaintiff's Application to file the Complaint under seal, which contains information which has been identified by defendants as confidential.  Sealing the Complaint will comply with the parties' confidentiality agreement already entered into in contemplation of this lawsuit.

## II.    FACTUAL BACKGROUND

On June 12, 2013, Plaintiff, by and through her counsel, demanded that Sketchers allow her to inspect certain books, records, and company documents including review of certain of the Company's Board of Director minutes, Audit Committee Minutes, Board materials, and promotional materials related to Skechers' "Footware Toning" products, all garnered through formal written request pursuant to Delaware General Corporation Law section 220 ("8 Del. C. § 220").

On August 16, 2012, Plaintiff and Skechers entered into a Confidentiality Agreement that confirmed their mutual understanding as to the treatment of the materials and information Skechers provided to Plaintiff in response to her June 12, 2012 demand made by and through her counsel under Delaware General Corporation Law section 220 ("8 Del. C. § 220") to inspect certain books, records, and documents of the Company.  Sketchers stated in that Confidentiality Agreement that "[A]ll such materials to be produced by the Company are referred to herein [in the Confidentiality Agreement] as "Confidential Information."[1] Further, the Confidentiality Agreement conditioned providing the information upon Plaintiff's agreement to file any document containing Confidential

---

[1] A copy of the Confidentiality Agreement dated August 16, 2012 is attached hereto as Exhibit A (Conf. Agreement ¶ 1).

3

Information in a court proceeding under seal and restricting access to such document therein to the Court and court personnel in which such action is filed[2].

Plaintiff is now seeking to file her Complaint consisting of a derivative action brought by the Plaintiff, a shareholder of Skechers, on behalf of Skechers against current and former officers and certain members of the Board of Directors named as individual defendants in the Complaint.  Plaintiff's allegations are based on alleged misconduct of the individual defendants who allegedly breached their fiduciary duties to the Company's shareholders.

Concurrent with Plaintiff's filing of her derivative action Plaintiff is submitting this Application requesting this Court to file the entirety of her Complaint under seal, in compliance with the Confidentiality Agreement (Exhibit A) signed by both parties.

**III.    ARGUMENT**

Plaintiff's Complaint information derived from Skechers books, records and company documents that were obtained only after entering into the aforesaid Confidentiality Agreement.  Defendants state that the information obtained and produced by them is Confidential Information as it is defined in the Confidentiality Agreement.  That Confidentiality Agreement clearly states (at ¶ 10) that:

---

[2] See ¶ 10 of the Confidentiality Agreement (Exhibit A)

1
2
3
4
5
6
7
8
9
10
11

> [A]ny document containing Confidential Information filed by the Stockholder or on her behalf in a court proceeding shall be filed under seal subject to a confidentiality order consistent with the terms of this Agreement restricting access to such document and the information therein to the court in which such action is filed and court personnel.  In the event that the Stockholder or Stockholder's Counsel files any document containing Confidential Information under seal, but the court requires a public version of the document also be made available, the Company shall, within the time required by the applicable Court rules or order of the Court, file a redacted version of any such document, omitting only that information which the Company believes in good faith should remain confidential.  Thereafter, the parties shall negotiate in good faith a protective order or confidentiality stipulation that will govern during the litigation the use of any documents produced in response to the Demand.

12
13
14
15
16

Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79-5.1 of this Court permit cases to be filed under seal and set forth the procedural and substantive requirement for filing documents under seal.  In order to seal records, a party must:

17
18
19

(1) Gain prior approval to file a document under seal by the Court by submitting a Notice of Manual Filing, a written Application, and a proposed order along with the document submitted for filing;

20
21

(2)     Provide the basis for the request to file under seal. Fed. R. Civ. P. § 5.2(d); Local Rule 79-5.1.

22
23
24
25
26

The protection of private and confidential business matters have consistently been recognized as appropriate interests that justify sealing of documents.  "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release

27
28

NOTICE OF PLAINTIFF'S APPLICATION TO FILE VERIFIED SHAREHOLDER DERIVATIVE
COMPLAINT UNDER SEAL

1  trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th

2  Cir. 2006).   Based upon the nature of the information obtained by Plaintiff that

3  forms the basis of her Complaint and is listed throughout, Plaintiff respectfully

4  requests this Court to file under seal the entirety of her Complaint.

## IV.   CONCLUSION

6       For all the foregoing reasons, Plaintiff respectfully requests that the Court

7  grant this Application and issue an order sealing Plaintiff's Verified Shareholder

8  Derivate Complaint being filed herewith.

7/12/13

Respectfully submitted,

FARUQI & FARUQI, LLP

By: _____
        David E. Bower

10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (310) 461-1426
Facsimile: (310) 461-1427
Email: dbower@faruqilaw.com

*Attorneys for Plaintiff*

6

### DECLARATION OF DAVID E. BOWER IN SUPPORT OF APPLICATION FOR FILING COMPLAINT UNDER SEAL

I, David E. Bower, declare,

     1.    I am an attorney, licensed to practice law in the state of California and am a partner in the law firm of Faruqi & Faruqi, LLP, counsel for plaintiff, Gloria Basarba, herein.  As such, I am familiar with the facts set forth herein of my own personal knowledge.

     2.    Attached hereto as **Exhibit A** is a true and correct copy of the Confidentiality Agreement signed by my partner, Beth Keller and signed by Charles E. Bachman of the law firm of O'Melvany & Myers, LLP, who I am informed and believe are the attorneys representing defendant Sketchers and the individual named defendants herein.

     3.    I am also informed that the documents which were produced by defendant's counsel were only produced to our firm upon the signing and agreeing to the Confidentiality Agreement attached hereto as Exhibit A.  this Application for filing under seal is being made in order to fully comply with the terms of that Confidentiality Agreement.

I declare under penalty of perjury, pursuant to the laws of the state of California, that the foregoing is true and correct.

July 12, 2013

_____
David E. Bower

7

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

IT IS HEREBY AGREED by and between the undersigned counsel for Gloria Basaraba (the "Stockholder") and Skechers U.S.A., Inc. ("Skechers" or the "Company") on this 16th day of August, 2012, as follows (the "Agreement"):

1.      The purpose of this Agreement is to confirm the parties' mutual understanding as to the treatment of the materials or information that may be furnished by Skechers in response to the June 12, 2012, demand made by counsel for the Stockholder ("Stockholder's Counsel") under Section 220 of the Delaware General Corporation Law to inspect certain books, records, and documents of the Company (the "Demand"). All such materials to be produced by the Company are referred to herein as "Confidential Information."

2.      Entering into this Agreement, or producing Confidential Information to the Stockholder's Counsel shall not:

a.      Constitute an admission that the Stockholder has stated a reasonable and proper purpose for the inspection of such information;

b.      Prejudice in any way the Company's rights to object to the production of Confidential Information on grounds that (i) the Stockholder has not stated a proper purpose for the Demand; (ii) the Demand seeks materials outside the scope of the Demand's stated purposes; (iii) the Demand seeks materials that are not essential to the Demand's stated purposes; (iv) certain of the Demand's requests for books and records are ambiguous or overbroad;  (v) certain of the books and records sought are protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege, immunity, or protection from disclosure; (vi) complying with the Demand is

adverse to the interests of the Company; (vii) the Demand requests publicly available information; and (viii) for any other reason the Stockholder is not entitled to the inspection demanded;

        c.      Prevent the parties to this Agreement from agreeing to alter or waive the Agreement's provisions or protections with respect to any particular Confidential Information; or

        d.      Prejudice in any way the Company's rights to object to the authenticity or admissibility into evidence of anything subject to this Agreement.

        3.      Similarly, the execution of this Agreement shall not be construed as a waiver of any rights or positions by the Stockholder or Stockholder's Counsel with respect to the Demand, including rights or positions related to the scope or substance of the Demand.

        4.      The Company expressly reserves the right to withhold materials protected from disclosure by the attorney-client privilege, the work product immunity, or any other applicable privilege, immunity, or protection from disclosure.

        5.      In the event that the Company inadvertently produces any materials that are privileged or otherwise immune from the Demand, in whole or in part, under the attorney-client privilege, work product immunity, or other applicable privilege, immunity, or protection from disclosure, such production shall in no way prejudice or otherwise constitute a waiver of any claim of attorney-client, work product, or other privilege, immunity, or protection from disclosure. The Company may retrieve such inadvertently produced privileged materials by giving written notice to the Stockholder's Counsel of the privilege claim and the identity of the inadvertently produced documents. Upon receipt of

such notice, the Stockholder's Counsel shall promptly return (or at the Company's direction, destroy) any and all copies of those materials.  The Stockholder's Counsel or Stockholder may not use any inadvertently produced privileged or work product materials, or information gleaned from any inadvertently produced privileged or work product materials, for any purpose.

6.      The Stockholder, Stockholder's Counsel, and each of the Stockholder's or Stockholder's Counsel's Advisors (defined in Paragraph 7(a) below) agree that the Confidential Information will not be used in any way detrimental to Skechers and shall be used only for the purposes articulated in the Demand, pursuant to the terms of this Agreement.

7.      Subject to the provisions of this Agreement, Stockholder's Counsel may only disclose, reveal, summarize, describe, characterize or otherwise communicate or make available in whole or in part Confidential Information to the Stockholder and Advisor only if Stockholder's Counsel has received from the Stockholder and Advisor a duly executed Undertaking in the form attached as Exhibit A.  Stockholder's Counsel shall be responsible for obtaining the signed undertaking, retaining the original executed undertaking, and providing a copy thereof to the Company's counsel.  Stockholder shall be responsible for and indemnify Skechers for any breach of this Agreement by the Stockholder and any of Stockholder's or Stockholder's Counsel's Advisors.

a.      For purposes of this Agreement "Advisor" shall mean only experts or consultants retained by the Stockholder or Stockholder's Counsel for the sole purpose of fulfilling the purposes stated in the Demand, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with,

3

or a consultant to, any competitor of the Company, as far as the expert can reasonably determine, and (ii) uses the Confidential Information solely in connection with the Demand.

8.    The Stockholder, Stockholder's Counsel, and each Advisor will keep the Confidential Information confidential and shall not disclose, publish, communicate, or transmit any of the Confidential Information to any person, either directly or indirectly. The Stockholder, Stockholder's Counsel, and each Advisor will not maintain or store the Confidential Information in such a way that creates an unreasonable risk of deliberate or inadvertent disclosure of the Confidential Information to others.

9.    Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to this Agreement.

10.    Except as herein provided with respect to legal proceedings, no Confidential Information may be filed publicly, nor may any information derived from such Confidential Information be used in any way in any public filing or for any business or commercial purpose. The Stockholder and Stockholder's Counsel may use the Confidential Information solely in legal proceedings to enforce what the Stockholder believes to be his or her legal rights as a stockholder of the Company. Any document containing Confidential Information filed by the Stockholder or on her behalf in a court proceeding shall be filed under seal subject to a confidentiality order consistent with the terms of this Agreement restricting access to such document and the information therein to the court in which such action is filed and court personnel. In the event that the Stockholder or Stockholder's Counsel files any document containing Confidential Information under seal, but the court requires a public version of the document also be made available, the Company shall, within the time required by the applicable Court rules or order of the Court, file a redacted

version of any such document, omitting only that information which the Company believes in good faith should remain confidential. Thereafter, the parties shall negotiate in good faith a protective order or confidentiality stipulation that will govern during the litigation the use of any documents produced in response to the Demand.

11.  This Agreement has no effect upon, and shall not apply to, the Company's use of its own Confidential Information for any purpose.

12.  Stockholder's Counsel agree that if the Stockholder decides that she does not intend to pursue the Demand any further, Stockholder's Counsel will promptly inform the Company in writing.

13.  In the event that the Stockholder, Stockholder's Counsel, or any Advisor is requested or becomes legally compelled (by oral questions, discovery, interrogatories, requests for information or documents, subpoena, civil investigative demand, or similar process) to disclose any of the Confidential Information, or the fact that they have received Confidential Information, or any of the terms, conditions, or other facts with respect to the Demand, it is agreed that Stockholder, Stockholder's Counsel, or any Advisor, as the case may be, shall (i) provide the Company with written notice within five business days of such request(s) so that the Company may seek a protective order or other appropriate remedy; and (ii) cooperate with the Company in pursuing any such course of action. The Stockholder, Stockholder's Counsel, and any Advisors shall not produce any of the Confidential Information, unless otherwise court-ordered, for at least ten business days after providing the required notice to the Company. If, within five business days of receiving such notice, the Company notifies the Stockholder, Stockholder's Counsel, or Advisor that the Company opposes production of its Confidential Information, the

Stockholder, Stockholder's Counsel, or Advisor shall object, citing this Agreement, and not thereafter produce such Confidential Information, except under a court order.  In the event that such protective order or other remedy is not obtained by the Company, the Stockholder, Stockholder's Counsel, and Advisor shall disclose only such Confidential Information as they are legally compelled to disclose and shall exercise their best efforts to obtain assurances that confidential treatment will be accorded to any Confidential Information that is compelled to be disclosed.   In the event that the production of Confidential Information is compelled, the parties to this Agreement shall continue to treat such material as Confidential.

14.     In the event that any Confidential Information is used in any litigation or other proceeding, that Confidential Information shall not lose its confidential status except on order of the court in which such litigation is pending.

15.     All notices or other communications under this Agreement shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt) by hand-delivery, by electronic mail, or by overnight courier or registered or certified mail, postage pre-paid, return receipt requested, as follows:

If to the Company:

Charles E. Bachman, Esq.
Valerie Cohen, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
cbachman@omm.com
vcohen@omm.com

If to the Stockholder:

Beth A. Keller, Esq.
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
bkeller@faruqilaw.com

16.     This Agreement may be executed by facsimile signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all such counterparts shall together constitute but one Agreement.

17.     The term Confidential Information does not include information which (i) is or becomes generally available to the public other than as a result of a disclosure by the Stockholder, Stockholder's Counsel, or Advisor, (ii) was available to Stockholder, Stockholder's Counsel, or Advisor on a non-confidential basis prior to its disclosure by the Company or its representatives, or (iii) becomes available to the Stockholder, Stockholder's Counsel, or Advisor on a non-confidential basis from a source other than the Company or its representatives; provided, however, that such source is not known to the Stockholder, Stockholder's Counsel, or Advisor to be bound by a confidentiality agreement with the Company.

18.     The Stockholder, Stockholder's Counsel, and each Advisor will destroy all Confidential Information in its original format and all copies thereof upon completing the purposes described in the Demand and in no event later than six months after:  (i) the final termination of any legal proceedings relating to the Demand or the enforcement of the Stockholder's rights as a stockholder of the Company; or (ii) the date on which Stockholder's Counsel informs the Company in writing that the Stockholder does not

7

intend to pursue the Demand any further. When the Confidential Information is destroyed, Stockholder's Counsel will certify in writing that the Stockholder, Stockholder's Counsel, and all Advisors have complied with this Agreement in all respects.

19.    The Stockholder, Stockholder's Counsel, and all Advisors agree that money damages may not be a sufficient remedy for any breach of this Agreement and agree that in addition to all other remedies the Company shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. The Stockholder, Stockholder's Counsel, and all Advisors further agree to waive any requirement for the securing or posting of any bond in connection with such remedy.

20.    This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (excluding any conflict of law rule or principle that would refer to the laws of another jurisdiction).

21.    This Agreement may be modified or waived only by a separate writing executed by the counsel for both the Stockholder and the Company that expressly so modifies or waives this Agreement.

22.    No failure or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, and no single or partial exercise of any right, power, or privilege hereunder shall preclude any other or further exercise of any right, power, or privilege.

23.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

24.     This   Agreement   constitutes   the   only   agreement   between   the
Stockholder's Counsel and the Company with respect to the subject matter hereof and
supersedes all prior agreement, understandings, negotiations, and discussions, whether
written or oral.

AGREED TO BY:

FARUQI & FARUQI, LLP                        O'MELVENY & MYERS LLP

By: _____              By: _____
      Beth A. Keller, Esq.                        Charles E. Bachman, Esq.
      369 Lexington Avenue, 10th Floor            Valerie Cohen, Esq.
      New York, NY 10017                          7 Times Square
                                                  New York, NY 10036

*Attorneys for Gloria Basaraba*             *Attorneys for Skechers U.S.A., Inc.*

Dated:  August 16, 2012                     Dated: _Aug 22_, 2012

Exhibit A

UNDERTAKING

I, _____ certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of a confidentiality agreement entered into between counsel for Gloria Basaraba and Skechers U.S.A., Inc., dated as of _____ __, 2012 (the "Confidentiality Agreement").   I have read the Confidentiality Agreement, I understand the terms of the Confidentiality Agreement, and I agree to be fully bound by the Confidentiality Agreement.

I understand that any willful violation of the terms of this Confidentiality Agreement will be subject to such relief as deemed appropriate by a court of competent jurisdiction.

Dated: _____        Signature: _____

10

**PROOF OF SERVICE**

STATE OF CALIFORNIA ) 
                                         ) *ss.:*
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024.

On July 13, 2013, I caused the following document to be served which is described as:

**NOTICE OF APPLICATION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID E. BOWER IN SUPPORT THEREOF**

by delivering true copies addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ BY ELECTRONIC SERVICE.  I emailed the above document(s) from e-mail address dbower@faruqilaw.com to the respective e-mail addresses listed in the attached service list, from Los Angeles, California.

☐ BY U.S. MAIL.  I caused such envelope(s) to be mailed with postage thereon fully prepaid.   I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ BY OVERNIGHT MAIL.  I caused such envelope(s) to be deposited with the Federal Express repository.  I am familiar with the firm's practice of collection and processing via Federal Express.  Under that practice the package would be deposited in the Federal Express drop box on that same day with postage thereon fully prepaid in the ordinary course of business.

Executed on July 13, 2013, at Los Angeles, California.

_____
Michael Blackman

8

# SERVICE LIST

**O'MELVENY & MYERS LLP**

Charles E. Bachman, Esq.
Valerie Cohen, Esq.
7 Times square
New York, NY 10036
cbachman@omm.com
vcohen@omm.com
PH:  212-326-2275

*Attorneys for Sketchers, USA, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9