**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiff's application to file Complaint under seal**

   Before the Court is Plaintiff Gloria Basaraba's application to file her Verified Shareholder Derivative Complaint ("Complaint") under seal. *See* Dkt. # 1. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering Plaintiff's unopposed submission, the Court DENIES Plaintiff's application.

## I.    Introduction

   Plaintiff Gloria Basaraba ("Plaintiff") brings this shareholder derivative action against Defendants Robert Greenberg, Michael Greenberg, Jeffrey Greenberg, David Weinberg, Jennifer Weiderman,[1] Richard Siskind, Geyer Kosinski, Morton Erlich, Richard A. Rappaport, and Thomas Walsh (collectively, the "Individual Defendants"), and nominal defendant Skechers U.S.A., Inc. ("Skechers"), claiming that the Individual Defendants breached their fiduciary duties to Skechers' shareholders by, among other things, marketing Skechers' "Shape-ups" line of rocker-bottom shoes under the false pretense that "Shape-ups" would improve their wearers' physical fitness. *Compl.* ¶¶ 1-17. Plaintiff asserts causes of action for: (1) breach of fiduciary duty; (2) gross mismanagement; (3) waste of corporate assets; and (4) unjust enrichment. *Id.* ¶¶ 203-229.

   On July 15, 2013, Plaintiff submitted an application to file her entire Complaint under seal, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 79-5.1. *See* Dkt. # 1.

---

[1]  Plaintiff has dismissed Jennifer Weiderman as a Defendant. *See* Dkt. # 10.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

Plaintiff states that her application "is being made to comply with the parties' Confidentiality Agreement," *Application* 2:5-2:6, which counsel for Plaintiff and counsel for Skechers executed after Plaintiff demanded access to certain Skechers books, records, and company documents, including "certain of [Skechers'] Board of Director minutes, Audit Committee Minutes, Board materials, and promotional materials related to Skechers' 'Footware Toning' products." *Id.* 3:2-3:10.  The Confidentiality Agreement (the "Agreement") designates all information produced by Skechers to Plaintiff in response to Plaintiff's demand as "Confidential Information," with exceptions for information already generally available to the public and information available to the Plaintiff from certain other sources.  *Id.*, Ex. A at ¶¶ 1, 17.  The Agreement further provides that:

> Any document containing Confidential Information filed by the [Plaintiff] or on her behalf in a court proceeding shall be filed under seal subject to a confidentiality order consistent with the terms of this Agreement restricting access to such document and the information therein to the court in which such action is filed and court personnel. In the event that the [Plaintiff] or [Plaintiff's] Counsel files any document containing Confidential Information under seal, but the court requires a public version of the document to be made available, [Skechers] shall, within the time required by the applicable Court rules or order of the Court, file a redacted version of any such document, omitting only that information which the Company believes in good faith should remain confidential.

*Id.*, Ex. A. at ¶ 10.

Neither Skechers nor the Individual Defendants have objected to Plaintiff's application.

II.   Legal Standard

There is a strong presumption in favor of public access to court records, grounded in the common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); *San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).

To overcome this presumption, "[a] party seeking to seal a judicial record . . . must articulate compelling reasons supported by specific factual findings that outweigh the general

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5061 PSG (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations, quotations, and alterations omitted). Conclusory statements that documents are confidential do not satisfy this standard. *Id.* at 1182; *see Foltz*, 331 F.3d at 1130-31 (explaining that even under the more lenient "good cause" standard applicable to unfiled discovery materials, the movant "bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted").

The court hearing the application to seal must then "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1995)); *see also In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (citing *Kamakana*, 447 F.3d at 1179) ("the district court must articulate a factual basis for each compelling reason to seal").

Compelling reasons sufficient to overcome the presumption of access may exist where court documents "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). In contrast, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

III.     Discussion

Plaintiff offers three reasons why the Complaint should be filed under seal, but fails to meet her burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See Kamakana*, 447 F.3d at 1178-79.

First, Plaintiff contends that the Complaint should be sealed because the Agreement between Plaintiff and Skechers provides that any court filing containing information that Skechers has designated as "Confidential Information" and provided to Plaintiff "shall be filed under seal." *Application* 2:5-2:7, 4:18-5:20; *id.,* Ex. A at ¶ 10. However, the Agreement indiscriminately designates a broad category of information produced by Skechers as "Confidential Information." *Application*, Ex. A at ¶ 1. It does not set forth any factual basis establishing that the designated "Confidential Information" might "become a vehicle for

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | August 26, 2013 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" unless filed under seal.  *See Kamakana*, 447 F.3d at 1179.

Second, Plaintiff claims, without offering any supporting law, that "[t]he protection of private and confidential business matters have consistently been recognized as appropriate interests that justify [the] sealing of documents."  *Application*, 5:21-5:22.  Although some private and confidential business matters might warrant being filed under seal if they could "become a vehicle for improper purposes," *see Kamakana*, 447 F.3d at 1179, it does not follow that all "private and confidential business matters" may be filed under seal.  Given that the court will not seal records merely because they "may lead to a litigant's . . . incrimination, or exposure to further litigation," *id.* at 1178-79, it is clear that the court will not seal records simply because they relate to "private and confidential business matters."  Further, Plaintiff has not made any factual showing that the entire Complaint consists of "private and confidential business matters."

Finally, Plaintiff vaguely alludes to the possibility that the Complaint would release trade secrets if not filed under seal, without providing any factual support or explanation.  *Application* 5:21-6:4.  This type of conclusory assertion does not satisfy the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1182.

Although Plaintiff's application is not contested, the Court may not seal the Complaint, a judicial record, without articulating compelling reasons, supported by specific factual findings, that weigh in favor of restricting public access.  *See Hagestad,* 49 F.3d at 1434; *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 656 F.3d at 1119.  In light of Plaintiff's failure to articulate and support any compelling reasons that would justify filing the Complaint under seal, the Court will not grant Plaintiff's application.

IV.    Conclusion

For the reasons set forth above, Plaintiff's application to file the Complaint under seal is DENIED.  The Clerk is directed to RETURN the Complaint to Plaintiff.  Plaintiff is directed to file an operative complaint within 10 days of this Order.  If Plaintiff does not file such a complaint, this case will be administratively closed.

**IT IS SO ORDERED.**