UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Motion for Preliminary Approval of Settlement**

Before the Court is Plaintiff's unopposed motion for preliminary approval of a settlement. Dkt. # 38. The Court held an initial hearing concerning this matter on August 11, 2014, and held a second hearing on September 15, 2014. After considering Plaintiff's unopposed moving papers and supplemental memorandum, the Court GRANTS the motion.

I.      Introduction

Plaintiff Gloria Basaraba ("Plaintiff") brought this shareholder derivative action against Defendants Robert Greenberg, Michael Greenberg, Jeffrey Greenberg, David Weinberg, Richard Siskind, Geyer Kosinski, Morton Erlich, Richard A. Rappaport, and Thomas Walsh (collectively, the "Individual Defendants"), and nominal defendant Skechers U.S.A., Inc. ("Skechers"), claiming that the Individual Defendants breached their fiduciary duties to Skechers' shareholders by, among other things, marketing Skechers' "Shape-ups" line of rocker-bottom shoes under the false pretense that "Shape-ups" would improve their wearers' physical fitness. *Compl.* ¶¶ 1-16. Plaintiff has asserted causes of action for: (1) breach of fiduciary duty; (2) gross mismanagement; (3) waste of corporate assets; and (4) unjust enrichment. *Id.* ¶¶ 171-197.

The parties engaged in mediation facilitated by the Hon. Dickran M. Tevrizian (Ret.) and the Hon. Irma E. Gonzalez. *See Mem.* 4:23-5:18. After meeting three times between November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

2013 and May 2014, and engaging in separate arms'-length settlement discussions, the parties have reached a proposed settlement of this matter. *See id.* Under the terms of the proposed settlement, Skechers will adopt or maintain thirteen governance reforms. *See Stipulation of Settlement* ¶¶ 2.1, 2.2. Section 2.1 of the settlement provides for:

(a) The establishment of written guidelines for the future selection of vacancies on the Board of Directors, including guidelines for defining independence for independent Board Members.

(b) A requirement that a majority of Board Members be independent as defined by SEC and New York Stock Exchange rules, with annual certification by the Board that this is the case.

(c) An expectation that all Board Members attend the annual meeting of shareholders either in person or via telephonic conference.

(d) An expectation that each Board Member will attend at least 75% of all meetings of the Board and of any Committee on which the Board Member sits either in person or via telephone conference.

(e) A requirement that, beginning in two years, the position of Lead Independent Director shall rotate among the independent Board Members at least every five years.

(f) A requirement that the Head of Internal Audit, who is responsible for reviewing Skechers' internal controls on an ongoing, real time basis, shall report to the Chair of the Audit Committee.

(g) A requirement that each of the Board's three committees, the Audit Committee, Compensation Committee, and Nominating and Governance Committee, be made up of three independent directors, and that a director be chair of only one committee at any given time.

(h) An expectation that as to Skechers common stock that Board Members receive in the future, each Board Member shall maintain ownership of a minimum of 1,000 such shares during the time that they are a director.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

(i) An expectation that Independent Board Members shall periodically attend a governance program such as the Stanford Directors College or similar educational program or other ISS accredited program, including a program that pertains to a Board Member's Committee duties.

(j) A requirement that Board membership and biographies, Board Committee membership and charters, the Corporate Governance Guidelines and the Corporate By-laws be made available to the public through the Skechers website.

*Id.* ¶ 2.1. Section 2.2 further provides that:

(a) Skechers will maintain its code of business ethics as required by the rules of the New York Stock Exchange and rules and regulations promulgated by the SEC under the direction of its General Counsel with the assistance of the Human Resources Department and continue to provide periodic business ethics and code of conduct training to its employees and additional training to managers with functions that require the approval, preparation, execution, or dating of documents.

(b) All significant advertising campaigns will be reviewed by the legal department or outside legal counsel for appropriateness and legal conformity. Those reviews and all communications and documents relating to these reviews will be confidential and strictly protected by the attorney- client privilege, attorney work product doctrine and any other applicable privileges and protections.

(c) Skechers will continue to abide by all measures described in the settlement with the Federal Trade Commission in the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief in the case *Federal Trade Commission v. Skechers U.S.A., Inc.*, 1:12-cv-01214 (N.D. Ohio, May 16, 2012).

*Stipulation of Settlement* ¶ 2.2. The reforms will remain in place for at least three years. *See id.* ¶ 2.3. At that time, Skechers' Board of Directors may amend these measures within their business judgment. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#38**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

As part of the settlement agreement, Skechers agrees not to oppose Plaintiff's application for $350,000 in fees and expenses, including a $1,000 incentive award. *See id.* ¶ 3.1.

Plaintiff now moves for preliminary approval of the settlement agreement. *See* Dkt. # 38.

II.     Legal Standard

Settlements in shareholder derivative actions must be approved by the Court. *See* Fed. R. Civ. P. 23.1. In such cases, courts in this Circuit have generally used the two-step approval process employed in class actions. *See, e.g.*, *In re MRV Commc'ns, Inc. Deriv. Litig.*, No. CV 08-03800 GAF (MANx), 2013 WL 2897874, at *2 (C.D. Cal. June 6, 2013). The Court begins by determining whether the settlement warrants preliminary approval. Preliminary approval is appropriate when "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies . . . and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting Manual for Complex Litigation (Second) § 30.44 (1985)); *see Ma v. Covidien Holding, Inc.*, No. SACV 12-02161 DOC (RNBx), 2014 WL 360196, at *4 (C.D. Cal. Jan. 31, 2014) (quoting *In re Tableware*, 484 F. Supp. 2d at 1079). If preliminary approval is granted, then notice is given to shareholders, a fairness hearing is held, and the Court determines whether the settlement is "fair, reasonable, and adequate." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); Fed. R. Civ. P. 23(e).

In determining whether a settlement is fair, reasonable, and adequate, the district court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *see Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *see also Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations").

The Court must approve or reject a settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify, or rewrite particular provisions of the settlement. *Id.* The Court must recognize that the settlement "is the offspring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#38**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

of compromise[,] [and] the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* at 1027.

III.     Discussion

    A.     Preliminary Approval

After considering all of the circumstances, the Court finds that preliminary approval of the proposed settlement is appropriate.

The proposed settlement agreement is the product of informed, non-collusive negotiations: the parties negotiated the proposed agreement after Plaintiff had obtained discovery through a books and records request, and engaged in mediation through two retired judges. *See Mem.* 3:22-4:7, 4:23-5:18. There are also no obvious deficiencies in the settlement.

The key question here is whether the proposed settlement "falls within the range of possible approval." *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079. The Court finds that it does.

Several of the thirteen governance reforms provided for in the proposed settlement will provide concrete benefits for shareholders. Two of the provided reforms are particularly notable.

First, "[a]ll significant advertising campaigns will be reviewed by [Skechers'] legal department or outside legal counsel for appropriateness and legal conformity." *See Stipulation of Settlement* ¶ 2.2(b). At the September 15, 2014 hearing, Plaintiff's counsel confirmed that this reform would be new to Skechers. A legal compliance review of all significant advertisement campaigns will provide a tangible new benefit for shareholders, and specifically bears on the concerns that are at the heart of this case.

Second, beginning in two years, Paragraph 2.1(e) of the settlement will require Skechers to rotate the position of Lead Independent Director at least every five years. Because Skechers' Board of Directors can revise the corporate governance measures established by the settlement in three years, *see Stipulation of Settlement* ¶ 2.3, the settlement only guarantees one change in the Lead Independent Director position. However, given that Skecher's current Lead Independent Director has served in that position since 2006, *see Supp. Mem.* 6:3-6:5, a guarantee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

of *some* new leadership in that role will likely benefit shareholders, by preserving the independent role of the Lead Independent Director.

As an additional issue, the Court is also persuaded that the reforms cast as "expectations" for Board Members will provide some benefit to shareholders. The proposed settlement agreement articulates "expectations" that: Board Members will attend the annual shareholder meeting; Board Members will attend at least 75% of Board and committee meetings; Board Members will maintain ownership of at least 1,000 shares of common stock; and Independent Board Members will attend a governance training program and a training program that relates to their committee duties. Although these "expectations" are not enforceable requirements, they will shape the norms of Skechers' Board and serve as a benchmark for Board Members' conduct.

After considering these benefits of the proposed settlement, the Court is of the view that the *Hanlon* analysis weighs in favor of preliminary approval. Although the precise value of the reforms provided for in the settlement is hard to gauge, the reforms appear to confer some benefit on shareholders. The value of those benefits may be significant, particularly when weighed against the risk, expense, complexity, and likely duration of further litigation and the challenges Plaintiff would face if this case proceeded to trial. Plaintiff's counsel believes that the settlement is in the best interests of Skechers and its shareholders. *See Mem.* 10:12-10:18. Under the circumstances, the Court believes that Skechers' shareholders should be advised of the settlement and given the opportunity to express their opinions as to its merit. *See Hanlon*, 150 F.3d at 1026.

Accordingly, Plaintiff's motion for preliminary approval is GRANTED.

B.      Form of Notice

In a derivative action, "[n]otice of a proposed settlement . . . must be given to shareholders . . . in the manner that the court orders." Fed. R. Civ. P. 23.1(c).

Plaintiff's counsel has drafted a proposed notice that summarizes this litigation and the proposed settlement. *See Proposed Notice*. Upon preliminary approval, Skechers will file a copy of the notice with the SEC, and distribute a summary of the notice on PRNewswire. *See Settlement of Stipulation* ¶ 4.2. Plaintiff's counsel will post the proposed notice on their websites. *See id.* The Court is satisfied that this distribution of the proposed notice is sufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#38**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

*See Carlough v. Amchem Prods., Inc.*, 158 F.R.D. 314, 323 (E.D. Pa. 1993) ("notice by publication may be the principal means for informing [shareholders] of their . . . rights") (citation omitted).

The proposed notice and notice plan are APPROVED.

IV.  Conclusion

For the reasons above, Plaintiff's motion for preliminary approval is GRANTED. The final approval hearing is set for **November 10, 2014.**

The Court ORDERS the parties to submit the following documents at least 30 days before the fairness hearing:

(1) Confidential memoranda from all parties detailing their determinations of the merits and value of this case, including the evidence relied on in reaching those determinations.

(2) Attestations from all parties indicating that there are no separate deals between Plaintiff and Defendants other than the settlement agreement. The parties are also to provide copies of any and all agreements reached between the parties related to the settlement.

(3) A memorandum justifying any incentive award for Plaintiff, including a detailed description of Plaintiff's efforts in pursuit of this case, and supporting declarations.

Plaintiff's counsel are ORDERED to file their motion for attorneys' fees, costs, and incentive awards no later than 30 days before the fairness hearing. That motion must include:

(1) Declarations supporting the reasonableness of each attorney's requested hourly rate; and

(2) Itemized billing statements showing hours worked, hourly rates, expenses incurred thus far, and expenses expected to be incurred in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#38**

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-5061 PSG (SHx) | Date | September 16, 2014 |
|---|---|---|---|
| Title | Gloria Basaraba v. Robert Greenberg, *et al.* | | |

**IT IS SO ORDERED.**